UNITED STATES DISTRICT COURT　　　　　　　FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ROY DUMAS,

                                                   MEMORANDUM AND ORDER
            Petitioner,                      97 CV 2210 (JG)

    - against -

WALTER KELLY, Superintendent,
Attica Correctional Facility,

            Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

    BRIAN SHEPPARD, ESQ.
        516 N. 9th Place
        Second Floor
        New Hyde Park, New York 11040
        Attorney for Petitioner

    RICHARD A. BROWN, ESQ.
        District Attorney of Queens County
        125-01 Queens Boulevard
        Kew Gardens, New York 11415
    By:    John M. Castellano
        Johnnette Traill
        Assistant District Attorneys
        Attorneys for Respondent

JOHN GLEESON, United States District Judge:

        On September 20, 2001, I granted petitioner Roy Dumas a conditional writ of habeas corpus on the ground that he was denied effective assistance of counsel due to his attorney's failure to file a notice of appeal. I ordered respondent "to take the steps necessary to afford petitioner a direct appeal within 45 days of [the] opinion." *Dumas v. Kelly*, 162 F. Supp. 2d 170, 173 (E.D.N.Y. 2001). I also stated that "petitioner's release will be ordered unless the state takes action" to provide a timely appeal. *Id*. at 171. Respondent filed a notice of appeal

from that order on October 19, 2001. By letter dated October 31, 2001, he sought a 45-day extension to comply with it. I granted that extension on November 2, 2001. Thus, steps necessary to afford Dumas his appeal (most importantly, the filing of a motion in the state court and a provision to Dumas of the state court record) should have been taken by December 19, 2001. However, after the extension was granted on November 2, 2001, no further extensions or stays were sought from this Court or from the court of appeals. Dumas has yet to receive his appeal in state court, and respondent has done nothing to afford him that relief.

Respondent, as mentioned, appealed my grant of a conditional writ. On November 1, 2001, the Second Circuit issued a scheduling order that directed respondent to file his brief on appeal by December 3, 2001. On December 6, 2001, respondent requested an extension of time to file, which was granted on December 12, 2001. (*See* 2d Cir. Docket Sheet, No. 01-2639.) The order granting the extension made respondent's brief due by January 2, 2002, and made petitioner's brief due by February 4, 2002. Respondent filed his brief and appendices on January 3 and 4, 2002. (*Id.*)

Two years and eight months passed after respondent filed his brief in the Second Circuit before any other activity occurred in the case. In August of 2004, after setting an oral argument date, the Second Circuit learned that Dumas's attorney, Phillip R. Edelbaum, had died. By letter dated September 15, 2004, Dumas was notified of Edelbaum's death and told that the oral argument date had been removed from the calendar pending Dumas's decision to retain a new attorney. In response, Dumas wrote to the Second Circuit on September 28, 2004, and on October 13, 2004, notifying the court that he had not been aware of either my September 20, 2001 order granting a conditional writ or of Edelbaum's death. (*See* Pet'r Mem., Exs.)

By order dated February 2, 2005, the Second Circuit assigned new counsel for Dumas. On February 25, 2005, a revised scheduling order in that court required Dumas to file his brief by May 4, 2005.

In a motion dated March 16, 2005, Dumas's counsel seeks to be assigned as counsel *nunc pro tunc*, as of March 13, 2005, and Dumas seeks immediate release from state custody based on the state's failure to comply with my order dated September 20, 2001. In papers dated April 5, 2005, respondent opposes Dumas's motion for immediate release and requests a stay of the September 20, 2001 order pending the outcome of the appeal of that order. On April 7, 2005, both sides appeared before me to address the motions and several other issues in the case.

DISCUSSION

A.   Steps Necessary for Appeal in Appellate Division, Second Department

When asked whether a record sufficient to facilitate Dumas's state court appeal can be retrieved and assembled, counsel for respondent stated that while he believed it could, he "[didn't] believe we have it at the moment." (Tr. dated Apr. 7, 2005 ("Tr.") 10.) Given the extensive delays that have already occurred in this case, I direct respondent to assemble the state court record immediately. If there is a need for a reconstruction hearing, such a hearing shall be requested immediately. In the event that the Second Circuit affirms the conditional writ I granted, no further delay in providing the state court appeal directed in my order should occur because the record is incomplete.

Respondent also stated that affording Dumas an appeal requires a motion (on consent) to the Appellate Division for leave to appeal where, as here, a timely notice of appeal

3

was not filed. (Tr. 3.) Respondent argues that the motion should not be filed unless the Second Circuit has first affirmed my grant of the conditional writ. I disagree. Respondent neither complied with nor sought to stay (beyond December 2001) my order requiring him to take the steps necessary to afford Dumas an appeal in state court. And though he appealed my order, respondent sat mute for nearly three years while the appeal lay dormant. At the very least, respondent now owes it to Dumas to expedite whatever steps are necessary to get Dumas an appeal in the Appellate Division should my order be affirmed in the Second Circuit. Dumas has suffered a long and undue delay. Although respondent's failure to comply with my order was negligent, not willful, he can properly be expected now to do everything in his power to facilitate Dumas's state appeal. Accordingly, I hereby direct respondent to file, on or before, June 3, 2005 the motion in state court requesting Dumas's appeal. That motion shall apprise the Appellate Division of the reasons why the motion is being made even though the direct appeal of my order granting the writ is still pending in the Second Circuit (*i.e.*, the unfairness suffered by Dumas because of the delay described above), and shall seek permission to commence the state appellate process notwithstanding that fact.

B.  Dumas's Motion for Immediate Release or Release on Bail
    and Respondent's Motion for Stay

Dumas moves for immediate release (or, at the very least, for release on bail) based on the respondent's failure either to facilitate his appeal or to seek and receive a stay of my September 20, 2001 order. Respondent argues that I have the authority to extend the time to comply with the conditional writ even after the prescribed period of time has expired, and that I should grant his request for a stay given the circumstances of this case.

A district court has "considerable flexibility" in responding to the state's failure to comply with a conditional writ. *Rosa v. McCray*, No. 03 Civ. 4643, 2004 WL 2827638, at * 5 (S.D.N.Y. Dec. 8, 2004) (citing *Grasso v. Norton*, 520 F.2d 27, 38 (2d Cir. 1975)); *see also* 28 U.S.C. § 2243 (habeas courts have the power to "dispose of the matter as law and justice require"). Respondent's motion for a stay is governed by the following four criteria: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The parties disagree about respondent's likelihood of success on the pending appeal in the Second Circuit. However, even if my order is affirmed, Dumas's remedy is an appeal in state court, not release from custody or even a new trial. Moreover, the other factors weigh in respondent's favor. Dumas is currently incarcerated for committing a serious and violent crime. He also has a prior conviction for second degree assault, for which he was sentenced to a one-to-four-year term of imprisonment. He was on parole under this sentence when he was convicted of murder by arson. The government's evidence at trial established that Dumas obtained containers of gasoline and poured the gasoline in front of each of the three exits at a social club because he was unhappy with his treatment at the club. He then set fire to each of the exits. One individual was unable to escape and died in the fire. I agree with respondent that Dumas's release could pose a danger to the public.

In addition, I am not persuaded that the state court appeal will result in a reversal of Dumas's conviction. I recognize Dumas may be unable to show that he will likely succeed in his state court appeal in part because the state court record is not, as of yet, fully available to him.

5

However, given the gravity of the crime and the fact that Dumas has not provided any of the arguments he intends to present on appeal, I cannot conclude that Dumas is likely to succeed on appeal. Accordingly, Dumas's motion for unconditional release is denied, and respondent's motion for a stay of my September 20, 2001 order pending the outcome of the appeal is granted.

CONCLUSION

Sheppard's motion to be assigned as counsel *nunc pro tunc* as of March 13, 2005, is granted. Dumas's motion for immediate release is denied. Respondent's motion for a stay of this Court's September 20, 2001 order pending the outcome of the appeal in the Second Circuit is granted. In the interest of justice, I order respondent to file on or before June 3, 2005 (*i.e.*, without waiting for the Second Circuit decision on the appeal of the conditional writ) a motion in the Appellate Division, Second Department, requesting permission to commence an untimely appeal from Dumas's conviction. I further order respondent to assemble forthwith the state court record of Dumas's case and to provide it to Dumas's counsel so that, in the event that the Second Circuit affirms the September 20, 2001 order, no further delay will attend Dumas's state court appeal.

The Clerk of the Court is directed to send a copy of this memorandum and order to the court of appeals.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: May 23, 2005
      Brooklyn, New York